| | |
|---|---|
| **DISTRICT COURT, DENVER COUNTY, COLORADO**<br>Address of Court:    1437 Bannock Street<br>                                      Denver, CO 80202 | DATE FILED: May 15, 2018 3:30 PM<br>FILING ID: 68C8CB5FF3F43<br>CASE NUMBER: 2018CV31799 |
| **CHEN LI,**<br><br>**Plaintiff,**<br><br>v.<br><br>**JEWELERS MUTUAL INSURANCE COMPANY,**<br><br>**Defendant.** | ▲FOR COURT USE ONLY▲ |
| **ATTORNEY FOR PLAINTIFF:**<br>Jonathan E. Bukowski, Esq.<br>Colorado Bar No. 45614<br>Larry E. Bache, Esq.<br>Colorado Bar No. 51958<br>Timothy G. Burchard, II<br>Colorado Bar No. 48635<br>MERLIN LAW GROUP, P.A.<br>1001 17th Street, Suite 1150<br>Denver, CO 80202<br>Phone: 720-665-9680<br>Fax: 720-665-9681<br>E-Mail: jbukowski@merlinlawgroup.com<br>E-Mail: lbache@merlinlawgroup.com<br>E-Mail: tburchard@merlinlawgroup.com | Case Number:<br><br>Div.:              Ctrm: |
| **COMPLAINT AND JURY DEMAND** | |

**COMES NOW** Plaintiff, CHEN LI, by and through his undersigned counsel, and hereby submit this his Complaint against Defendant, JEWELERS MUTUAL INSURANCE COMPANY, and in support of his Complaint, alleges and avers as follows:

## PARTIES

1.      At all times material hereto, Plaintiff, Chen Li ("Plaintiff") is an individual residing in Denver, Colorado.

EXHIBIT

1-b

2. Defendant, Jewelers Mutual Insurance Company ("Defendant" or "Jewelers Mutual"), is a foreign insurance company incorporated and domiciled in the state of Wisconsin and maintains its principal place of business in a state other than in Colorado.

## JURISDICTION AND VENUE

3. This Court has subject matter and personal jurisdiction over the parties to this cause of action.

4. A cause of action exists under Colorado state law for claims regarding the conduct complained of herein.

5. Jurisdiction is proper as to Jewelers Mutual pursuant to Colorado Revised Statutes § 13-1-124(1)(a), (b), and (d) because Jewelers Mutual conducted the business at issue in this action, committed tortious misconduct and contracted to insure property within the State of Colorado.

6. Venue is proper pursuant to Col.R.Civ.P. 98 because it is the venue in which the cause of action accrued and where the insured property in question is located.

## FACTS COMMON TO ALL COUNTS

7. Plaintiff is the owner of personal property that was located at 2843 Central Park Boulevard, Denver, Colorado 80238-2529 (the "Property").

8. Plaintiff purchased a Personal Jewelry policy of insurance from Jewelers Mutual under Policy Number 24-680901 (the "Policy").

9. The Policy provides the coverage for scheduled jewelry in the amount of $56,260.00. A copy of the Policy is attached hereto as **Exhibit "A."**

10. On or about August 23, 2017, the Policy was amended to provide coverage for scheduled jewelry in the amount of $613,047.00. A copy of the revised schedule of items is attached hereto as **Exhibit "B."**

11. The Policy had an effective period of March 6, 2017 through March 6, 2018.

12. The Policy is an all risk policy of insurance.

13. The Policy is a replacement cost value policy and covers loss to the Property.

14. The Policy provides coverage for direct physical loss or damage to Plaintiff's covered property.

15. Theft is a covered cause of loss under the terms and conditions of the Policy.

16. Under the Policy, Jewelers Mutual agreed to adjust all losses with Plaintiff fairly and timely.

17. Plaintiff paid the premiums due under the Policy in a timely manner, and performed all duties and responsibilities required of it under the Policy.

18. On or about October 6, 2017, during the Policy period, Plaintiff suffered direct physical loss and/or damage at the Property resulting from theft.

19. The direct physical loss and/or damage resulting from the theft constituted a covered loss under the Policy.

20. Plaintiff timely reported the covered loss to Jewelers Mutual, and made a claim for the direct physical loss and damage to his Property.

21. Jewelers Mutual assigned Claim Number 14-055015 to Plaintiff's Property loss.

22. Jewelers Mutual assigned a Personal Lines Claims Examiner, Dena Neuman, to investigate and adjust Plaintiff's claim for direct physical loss and/or damage to the Property resulting from the theft occurring on or about October 6, 2017.

23. Jewelers Mutual retained Moulton Claim Service, Inc. ("Moulton") to assist in the investigation of Plaintiff's claim for direct physical loss and/or damage to the Property resulting from the theft occurring on or about October 6, 2017.

24. On or about October 18, 2017, Plaintiff submitted his first inventory list which outlined replacement cost value covered Personal Property damages in the amount of $581,156.00. A copy of Plaintiff's Inventory is attached hereto as **Exhibit "C."**

25. On or about October 26, 2017, Jeweler Mutual representative, Moulton, acknowledged receipt of Plaintiff's Inventory.

26. To date, Jewelers Mutual has failed to provide any covered benefits to Plaintiff.

27. Jewelers Mutual's failure to pay the claim has resulted in a breach of contract.

28. Jewelers Mutual's failure to pay the claim has resulted in an unreasonable delay and denial in covered benefits without a reasonable basis.

29. It is apparent from Jewelers Mutual's conduct that Jewelers Mutual adopted a plan or approach to delay, as much as possible, its handling and payment of the claim.

30. Plaintiff has fulfilled all duties required of him under the Policy after discovery of the loss.

31. Plaintiff has performed all conditions precedent and subsequent required under the insurance Policy, or alternatively, have been excused from performance by the acts, representations, and/or conduct of Jewelers Mutual.

## FIRST CLAIM FOR RELIEF
**(Breach of Contract)**

32. Plaintiff realleges and reaffirms Paragraphs 1-31 as if fully set forth herein.

33. Plaintiff purchased an all risk policy requiring Jewelers Mutual to pay for any and all fortuitous damages resulting from a loss not expressly excluded or otherwise limited by the Policy.

34. The Policy between Plaintiff and Jewelers Mutual is a binding contract.

35. Plaintiff paid premiums and otherwise performed all conditions precedent to recovery of benefits under his Policy with Jewelers Mutual.

36. Jewelers Mutual has denied certain covered damages and continues to delay and deny certain claimed damages.

37. Jewelers Mutual's failure to honor its obligations under the Policy is a breach of contract.

38. Jewelers Mutual's breach of contract has damaged, and continues to damage Plaintiff.

39. Plaintiff is entitled to all benefits due and owing under the Policy.

**WHEREFORE**, Plaintiff, Chen Li, respectfully requests this Court enter judgment against, Defendant, Jewelers Mutual Insurance Company, for damages resulting from its breach of contract, costs, pre-judgment interest, attorneys' fees pursuant to applicable law, and such other relief as the Court deems appropriate.

### SECOND CLAIM FOR RELIEF
### (Bad Faith Breach of Insurance Contract)

40. Plaintiff realleges and reaffirms Paragraphs 1-39 as if fully set forth herein.

41. An insurer breaches its duty of good faith and fair dealing when it engages in unfair claim settlement practices.

42. Under the Policy and Colorado law, Jewelers Mutual had a duty to act reasonably and in good faith in the handling of Plaintiff's claim.

43. Under the Policy and Colorado law, Jewelers Mutual had a duty to act with ordinary, reasonable diligence in investigating the claims submitted by Plaintiff and in determining the amounts due and owing under the Policy in question, and to pay all amounts due and owing.

44. Under the Policy and Colorado law, Jewelers Mutual owes Plaintiff the duty of good faith and fair dealing.

45. Jewelers Mutual had an obligation to conduct a thorough, fair, unbiased, and timely investigation of the claim presented to it, and then properly evaluate and timely pay those claims.

46. Jewelers Mutual owed Plaintiff the duty to give equal consideration to the financial interests of Plaintiff, and not give greater consideration to its own financial interests while investigating and adjusting Plaintiff's claim.

47. Jewelers Mutual had the non-delegable duty to investigate the claim objectively and to not look for ways to deny benefits or attempt to not pay the full amount owed.

48. Jewelers Mutual sold Plaintiff the Policy at issue, the intent of which was to provide coverage for loss or damage to covered property at the premises caused by or resulting from any covered cause of loss.

49. Jewelers Mutual knew that Plaintiff purchased the Policy to protect his Property in the event of a loss.

50. Plaintiff has cooperated with Jewelers Mutual in the processing of the claim for covered benefits resulting from a theft occurring on or about October 6, 2017.

51. Plaintiff has cooperated with Jewelers Mutual in the investigation of the claim for covered benefits resulting from a theft occurring on or about October 6, 2017.

52. Plaintiff has not erected any obstacles to Jewelers Mutual's ability to investigate Plaintiff's claim for covered benefits resulting from a theft occurring on or about October 6, 2017.

53. Plaintiff has not erected any obstacles to Jewelers Mutual's ability to evaluate Plaintiff's claim for covered benefits resulting from a theft occurring on or about October 6, 2017.

54. Jewelers Mutual disregarded the validity of Plaintiff's claim for direct physical loss and damage resulting from a theft occurring on or about October 6, 2017.

55. Jewelers Mutual failed to treat Plaintiff's interests with equal regard to its own.

56. Jewelers Mutual mischaracterized the evidence to the benefit of itself.

57. Jewelers Mutual failed to be open and honest in its dealings with Plaintiff.

58. Jewelers Mutual failed to conduct a full, fair, and prompt investigation of the claim.

59. Jewelers Mutual failed to interpret its insurance policy reasonably.

60. Jewelers Mutual failed to resolve doubts concerning insurance coverage in favor of the policyholder.

61. Jewelers Mutual has delayed payment of Plaintiff's claim without conducting a thorough investigation in an attempt to effectuate a deceptively low settlement.

62. Jewelers Mutual has delayed Plaintiff's claim by failing to objectively evaluate Plaintiff's claim based on all available evidence, and not just evidence which Jewelers Mutual believes supports its position.

63. Jewelers Mutual's decision to delay the payment of benefits owed to Plaintiff was intentional and not accidental.

64. Jewelers Mutual knew that its delay in payment of covered benefits owed would cause Plaintiff financial hardship.

65. Jewelers Mutual failed to assist Plaintiff with the presentation of his claim.

66. Jewelers Mutual breached its duty of good faith and fair dealing by failing to conduct a proper investigation of the loss.

67. Jewelers Mutual breached its duty of good faith and fair dealing by conducting an outcome oriented investigation of Plaintiff's loss.

68. Jewelers Mutual failed to conduct a thorough and timely investigation of Plaintiff's claim in accordance with insurance industry claims handling standards and practices.

69. Among other circumstances, Jewelers Mutual has committed unfair settlement practices including, without limitation:

   (a) Jewelers Mutual has failed to acknowledge and act reasonably promptly upon communication with respect to claims arising under insurance policies;
   (b) Jewelers Mutual has failed to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;
   (c) Jewelers Mutual refuses to pay claims without conducting a reasonable investigation based upon all available information;
   (d) Jewelers Mutual has failed to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;
   (e) Jewelers Mutual has compelled Chen Li to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions by such insureds;
   (f) Jewelers Mutual has failed to promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage;
   (g) Jewelers Mutual has misrepresented terms and conditions of the Policy in an attempt to influence its Insured to settlement for less than all benefits reasonably afforded under the Policy for the subject loss and damage; and
   (h) Jewelers Mutual encourages its claims representatives to engage in unfair claims settlement practices against its Insured, thereby violating applicable laws and regulations of the State of Colorado.

70. Jewelers Mutual's claims representatives, including Dena Neuman, received incentive-based compensation to close quickly or reduce claim payments.

71. Jewelers Mutual's claims representatives, including Dena Neuman, received income-based compensation to reduce claims payments made to Plaintiff on its claim for loss or damage to covered property at the Property caused by or resulting from any covered cause of loss.

72. Jewelers Mutual improperly denied Plaintiff's claim by providing financial incentives to its personnel, including Dena Neuman, to determine claims handling.

73. Jewelers Mutual improperly set various claims handling goals to reduce the amount paid on claims.

74. Jewelers Mutual improperly delayed and denied Plaintiff's claim to reduce overall claims payments.

75. Jewelers Mutual improperly delayed and denied Plaintiff's claim to increase profits.

76. Jewelers Mutual improperly delayed and denied Plaintiff's claim to maintain its loss ratio.

77. Jewelers Mutual improperly delayed and denied Plaintiff's claim to meet department goals.

78. Jewelers Mutual conduct demonstrates that it was repeatedly aimed at benefiting itself to the detriment of Plaintiff.

79. Jewelers Mutual improperly delayed and denied Plaintiff's claim by motivating its claims department to pay less on claims that are otherwise owed.

80. Jewelers Mutual improperly delayed and denied Plaintiff's claim to reduce the average amount paid on overall claims.

81. Jewelers Mutual has committed unfair claim settlement practices as alleged in the preceding paragraphs of Plaintiff's Complaint.

82. Jewelers Mutual's conduct constitutes a bad faith breach of the insurance contract.

83. Jewelers Mutual has committed such actions with such frequency as to indicate a general business practice.

84. As a direct and proximate result of Jeweler Mutual's actions, Plaintiff has:

   (a) incurred increased costs to repair, restore and/or replace the significant property damage;
   (b) suffered damages as a proximate result of the misconduct alleged; and
   (c) suffered and will continue to suffer other expenses, including loss of pre-judgment interest, attorneys' fees, investigatory fees, and other losses.

**WHEREFORE**, Plaintiff, Chen Li, respectfully requests this Court enter judgment against Defendant, Jewelers Mutual Insurance Company, for damages resulting from its breach of its duty of good faith and fair dealing, costs, pre-judgment interest, attorneys' fees pursuant to applicable law, public adjuster fees, and such other relief as the Court deems appropriate.

## THIRD CLAIM FOR RELIEF
**(Unreasonable Delay and Denial of Payment of Covered Benefits Pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116)**

85. Plaintiff re-alleges and reaffirms Paragraphs 1-84 as though fully set forth herein.

86. Under Colorado Revised Statute § 10-3-1115, an insurer who delays or denies payment to an insured without a reasonable basis for its delay or denial is in breach of the duty of good faith and fair dealing.

87. Under Colorado Revised Statute § 10-3-1115, an insurer's delay or denial is unreasonable if the insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action.

88. Plaintiff is a first-party claimant within the meaning of Colorado Revised Statute § 10-3-1115(1)(b)(1).

89. Plaintiff suffered a loss covered by the Policy and submitted a claim for that loss to Jewelers Mutual.

90. The claimed loss and damage submitted by Plaintiff was covered by the Policy and Plaintiff was owed covered benefits under the Policy.

91. Jewelers Mutual delayed payment of covered benefits without a reasonable basis for its actions.

92. Jewelers Mutual denied payment of covered benefits without a reasonable basis for its actions.

93. Jewelers Mutual has unreasonably delayed covered benefits without a reasonable basis for doing so as alleged in the preceding paragraphs Plaintiff's Complaint.

94. Jewelers Mutual delayed and denied payment of covered benefits without a reasonable basis for its action by failing to properly investigate its insured's loss.

95. Jewelers Mutual delayed and denied payment of covered benefits without a reasonable basis for its action by ignoring objective evidence of direct physical loss and damage to the Property.

96. Despite receipt of Plaintiff's comprehensive estimate, Jewelers Mutual delayed and denied payment of covered benefits without a reasonable basis for doing so.

97. Jewelers Mutual unreasonably delayed and denied Plaintiff's claim to reduce its overall claims payments.

98. Jewelers Mutual unreasonably delayed and denied Plaintiff's claim to increase its profits.

99. Jewelers Mutual unreasonably delayed and denied Plaintiff's claim to maintain its loss ratio.

100. Jewelers Mutual unreasonably delayed and denied Plaintiff's claim to meet its departmental goals.

101. Jewelers Mutual unreasonably delayed and denied Plaintiff's claim by providing financial incentives to its personnel, including Dena Neuman, to determine claims handling.

102. Jewelers Mutual unreasonably delayed and denied Plaintiff's claim by motivating its claims department to pay less on claims, such as Plaintiff's claim for damages, than what is otherwise owed.

103. Jewelers Mutual unreasonably delayed and denied Plaintiff's claim to reduce the average amount paid on overall claims.

104. Jewelers Mutual unreasonably delayed and denied Plaintiff's claim by asserting coverage positions that it knew were without merit.

105. The actions of Jewelers Mutual were intended to dissuade Plaintiff in pursuing benefits due and owing under the terms of the Policy.

106. Based upon the foregoing Paragraphs, Plaintiff is therefore entitled to two times the covered benefit, attorneys' fees, and costs pursuant to C.R.S. § 10-3-1116, together with pre-judgment interest at the highest rate allowed by law.

**WHEREFORE**, Plaintiff, Chen Li, respectfully requests this Court enter judgment against Defendant, Jewelers Mutual Insurance Company, for damages authorized pursuant to Colorado Revised Statute § 10-3-1116, costs, pre-judgment interest, attorneys' fees pursuant to applicable law, and other such relief as the Court deems appropriate.

## REQUEST FOR JURY TRIAL

107. Plaintiff requests trial by jury with respect to all claims and issues triable to a jury.

Respectfully submitted this 15th day of May, 2018

/s/ Jonathan Bukowski
Jonathan E. Bukowski, Esq.
Colorado Bar No.: 45614
Larry E. Bache, Jr., Esq.
Colorado Bar No.: 51958
Timothy G. Burchard, II
Colorado Bar No.: 48635
Merlin Law Group, PA

1001 17th Street, Ste. 1150
Denver, CO 80202
Telephone:  720-665-9680
Facsimile:   720-665-9681
E-Mail: lbache@merlinlawgroup.com
E-Mail: jbukowski@merlinlawgroup.com
E-Mail: tburchard@merlinlawgroup.com