**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 18-cv-01704-CMA-KLM

CHEN LI,

  Plaintiff,

v.

JEWELERS MUTUAL INSURANCE COMPANY,

  Defendant.
_____

**ORDER DENYING MOTION TO CONSOLIDATE**
_____

This matter is before the Court on Defendant Homesite Insurance Company's ("Homesite") Motion to Consolidate. (Doc. # 30.) Defendant Jewelers Mutual Insurance Company ("Jewelers") joins Homesite in seeking consolidation. Plaintiff Chen Li[1] filed a Response (Doc. # 33), and Homesite filed a Reply (Doc. # 35). After reviewing the parties' briefing, the pertinent record, and the applicable law, the Court denies the Motion without prejudice for the reasons that follow.

I.   **BACKGROUND**

In October 2017, an alleged theft occurred at Plaintiff's home. (Doc. # 33 at 4.) Because the allegedly stolen property was covered by two separate insurance

---

[1] The Court notes that Plaintiff's Response to the Motion to Consolidate indicates that it was filed on behalf of "Plaintiffs, Chen Li and Phuong Pham . . . ." (Doc. # 33 at 1.) However, Phuong Pham is not a party to this action. Plaintiff's Complaint (Doc. # 3) was filed in Chen Li's name only, and Plaintiff has not taken any action to include additional parties. For purposes of clarity, references to "Plaintiff" in this Order apply specifically to Chen Li.

policies—one for scheduled jewelry and the other for unscheduled personal property—Plaintiff filed two insurance claims, which formed the basis of the cases at issue. In the instant case, number 18-cv-01704-CMA-KLM, Plaintiff asserts three claims for relief against Jewelers, specifically: (1) breach of contract; (2) bad faith breach of insurance contract; and (3) unreasonable delay and denial of payment of covered benefits pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116. (Doc. # 3.)

Plaintiff filed a separate action against Homesite—number 18-cv-02720-RM-STV. There, Plaintiff and Phuong Pham assert the same three claims for relief. (18-02720, Doc. # 3.) Both cases involve the same alleged theft in October 2017 and insurance coverage for the damages due to the alleged theft.

## II. ANALYSIS

The determination whether to consolidate cases is governed by Rule 42(a) of the Federal Rules of Civil Procedure, which provides, in pertinent part:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).

This rule allows the Court "to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. Am. Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 Charles Alan Wright, et al., *Fed. Prac. & Proc.* § 2381 at 427 (2d ed. 1995)). The decision of whether to consolidate cases is committed to this

Court's sound discretion. *Adams v. Veolia Transp.*, No. 11-cv-02491-PAB-KMT, 2012 WL 171470, at *1 (D. Colo. Jan. 20, 2012) (citing *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978)). In exercising its discretion, the Court considers "whether judicial efficiency is best served by consolidation." *Otter Prod., LLC v. Treefrog Dev., Inc.*, No. 11-CV-02180-WJM-KMT, 2013 WL 490964, at *1 (D. Colo. Feb. 7, 2013) (quoting *C.T. v. Liberal School Dist.*, 562 F. Supp. 2d 1324, 1346 (D. Kan. 2008)). "The [C]ourt generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause." *Id.*

Although both cases at issue share a common causal nexus and currently involve the same claims for relief, the cases appear to be factually unique otherwise. Each case is essentially a contractual dispute, and each involves a distinct contract. Moreover, the facts that will determine whether Plaintiff prevails on a given claim are particularized to each Defendant. Therefore, there is a significant risk of jury confusion because a jury in a consolidated case might conflate facts that are applicable to only one of the two Defendants. The same reasoning applies to any affirmative defenses that each Defendant may raise at trial because evidence presented by one Defendant may prejudice Plaintiff's claim with respect to the other Defendant.

### III. **CONCLUSION**

Based on the foregoing reasons, the Court ORDERS that Defendant Homesite Insurance Company's Motion to Consolidate (Doc. # 30) is DENIED WITHOUT PREJUDICE.

DATED: March 5, 2019

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge